FILED
2018 Jun-01 AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CONNIE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:15-cv-01707-SGC |
| ) | |
| SEARS ROEBUCK AND CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**[1]

This is a premises liability case removed here from the Circuit Court of Etowah County on the basis of diversity. (Doc. 1). Presently pending is the motion for summary judgment filed by Defendant Sears, Roebuck and Co. (Doc. 20). The motion is fully briefed and ripe for adjudication. (Docs. 31, 34). For the reasons explained below, the motion is due to be granted.

## I. FACTS[2]

On August 29, 2013, Plaintiff Connie Johnson gave non-party Martha Vickery a ride to the Sears Auto Center in Gadsden, Alabama. (Doc. 21 at 3). The purpose of the trip was to allow Ms. Vickery to purchase a new battery for her

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 7).

[2] The facts are recited in the light most favorable to Plaintiff. Because Plaintiff does not dispute many of the facts set forth in Defendant's motion, this memorandum opinion cites primarily to Defendant's statement of facts, with citation to Plaintiff's brief where facts are disputed.

vehicle. (*Id.*). On arrival at Sears, Plaintiff asked a salesperson, Steven, to come outside to her vehicle to discuss battery options with Ms. Vickery. (*Id.*). After deciding on a battery, Ms. Vickery and Plaintiff followed Steven back inside the store. (*Id.* at 4).

The entrance to Sears is enclosed by two sets of doors. (Doc. 21 at 4). As they entered Sears, Steven—who was carrying the car battery—led the way, followed by Ms. Vickery and Plaintiff, in that order. (*Id.*). The trio passed through the exterior doors without incident; Steven and Ms. Vickery successfully navigated through the interior doors as well. (*Id.*). However, as Plaintiff passed through the interior doors, she tripped over a wooden doorstop, falling to one knee before her body twisted to the floor. (*Id.*; *see* Doc. 31 at 1). Plaintiff was wearing shoes with slender, two-inch heels, one of which caught on the doorstop and caused the fall. (Doc. 21 at 6).

Prior to Plaintiff's fall, the interior door was being held open by at least one, but possibly two, wooden door stops. (Doc. 21 at 4). Ms. Vickery observed—but Plaintiff did not—Steven place the doorstop under the interior door. (Doc. 31 at 4). The parties agree that the doorstop was brown and approximately three to five inches in length; the cement floor of the entrance area was "blackish" in color. (Doc. 21 at 6). Plaintiff's brief describes the offending doorstop as "frayed," which the undersigned interprets as describing the doorstop as worn from use. Ms.

Vickery noted the worn condition of the doorstop when she saw Steven place it under the interior door.[3] (Doc. 31 at 3).

It is undisputed that the doorstop was not in the walkway when Steven passed through the interior door. (Doc. 21 at 6). Steven had already entered the store and did not look back toward the Plaintiff prior to her fall. (*Id.*; Doc. 31 at 2). Plaintiff does not know how the doorstop came to be in her path but opined that Ms. Vickery may have pushed the door open further, causing the doorstop to dislodge from the door. (Doc. 21 at 5; *see* Doc. 31 at 2). Plaintiff did not know whether Steven touched the door as he passed through the interior entrance; Ms. Vickery contends Steven did not touch the door. (Doc. 21 at 4-5; *see* Doc. 31 at 2). Ms. Vickery opined the doorstop may have dislodged when she and Plaintiff "exchanged hands on the door." (Doc. 31 at 2). The record is devoid of evidence of prior complaints regarding, or accidents caused by, wooden doorstops at Sears. (Doc. 21 at 7).

---

[3] The record includes a declaration and an affidavit executed by Ms. Vickery. (Doc. 22-2; Doc. 33). In the May 24, 2017 declaration accompanying Sears' motion for summary judgment, Ms. Vickery's description of the doorstop is limited to her observation that it was approximately three inches long and that the "wood of the doorstop was chipped in a few spots and it did not appear to be new." (Doc. 22-2 at 3). In the August 14, 2017 affidavit accompanying Plaintiff's opposition, Ms. Vickery elaborated that the door stop was "very frayed" and noted her surprise that Steven used it to prop open the interior door. (Doc. 33 at 3). Ms. Vickery's affidavit further notes Steven could see the doorstop's state of "disrepair." (*Id.*). The affidavit is also accompanied by Ms. Vickery's handwritten statement she prepared on the day of the accident. (Doc. 33 at 5-10). The statement mentions Steven's use of the wooden doorstop but is silent regarding its condition. (*Id.* at 7-8).

## II. STANDARD OF REVIEW

Under Rule 56(c) of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id*. at 249.

## III. DISCUSSION

Plaintiff's complaint asserts claims for negligence and wantonness. (Doc. 1-1). In response to the motion for summary judgment, Plaintiff has conceded her claim for wantonness. (Doc. 31 at 9). Additionally, the facts do not support a claim that Sears acted "with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3). Accordingly, Sears is entitled to judgment as a matter of law regarding wantonness. The claim for negligence is addressed below.

Under Alabama law, the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Ex parte Harold L. Martin Distrib. Co.,* 769 So. 2d 313, 314 (Ala. 2000). A defendant owes a business invitee the duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop v. South*, 642 So. 2d 442, 445 (Ala. 1994). A slip-and-fall plaintiff must show: (1) the injury was caused by a defective condition on the defendant's premises; and (2) the defendant knew or should have known of the defect. *Miller v. Liberty Park Joint Venture, LLC,* 84 So. 3d 88, 92 (Ala. Civ. App. 2011).

The Alabama Supreme Court has held an owner's actual or constructive notice of a defect is presumed when the defect is part of the premises, when the owner has created the defective condition, or where the owner has unreasonably failed to perform inspections to discover the defect. *Burlington Coat Factory of Alabama, LLC v. Butler*, 156 So. 3d 963, 969 (Ala. Civ. App. 2014) (citing *Mims v. Jack's Rest.,* 565 So. 2d 609, 610 (Ala. 1990); *Wal–Mart Stores, Inc. v. McClinton,* 631 So. 2d 232, 234 (Ala. 1993); *Norris v. Wal–Mart Stores, Inc.,* 628 So. 2d 475, 478 (Ala. 1993)). Examples of defective conditions of which defendants' notice has been presumed include an unattached door threshold, *Mims*, 565 So. 2d at 611, merchandise protruding from a barbeque grill display, *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 864 (Ala. 2001), a water-damaged seating booth, *Isbell v. Aztecas Mexican Grill*, 78 So. 3d 420, 425 (Ala. Civ. App. 2011), and a gun cabinet which protruded into an aisle, *McClinton,* 631 So. 2d at 234 (Ala. 1993). Alabama courts justify the presumption of notice in these circumstances because the dangerous conditions were fixtures requiring "ordinary and reasonable maintenance in order to provide a safe premises." *Mims*, 565 So. 2d at 611.

However, before a defendant's notice can be presumed under any of the foregoing theories, a premises liability plaintiff must make a *prima facie* showing—via substantial evidence—that the offending condition is, in fact,

defective. *Miller,* 84 So. 3d at 93; *Mims*, 565 So. 2d at 610 ("Once a plaintiff has made a *prima facie* showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a *prima facie* showing that the defendant had or should have had notice of the defect at the time of the accident."). "However, as a threshold matter, a plaintiff must present substantial evidence that the cause of her injury was a *defect* in the premises." *Iguess v. Hyundai Motor Mfg., Ala., LLC*, No. 13-0237, 2014 WL 1584480, at *3 (M.D. Ala. Apr. 21, 2014). "The mere fact that an unfortunate injury occurred[ ] does not give rise to an inference that a dangerous condition existed." *Miller,* 84 So. 3d at 92.

Here, in response to the motion for summary judgment, Plaintiff argues Sears' constructive notice can be presumed because the doorstop was part of the premises. (Doc. 31 at 5-6) (citing *Mims*, 565 So. 2d 609; *Norris,* 628 So. 2d at 478). However, Plaintiff has not made a *prima facie* showing that the doorstop constituted a defect. While Plaintiff describes the doorstop as "frayed," this allegation is based entirely on Ms. Vickery's subjective observations of the doorstop's condition. Specifically, Plaintiff relies solely on the affidavit of Ms. Vickery, which states the offending doorstop was "very frayed" and notes her surprise that Steven used it to prop open the door. (Doc. 33 at 3). Indeed, the only

7

descriptions of the doorstop in the record appear in Ms. Vickery's declaration and affidavit, which alternatively describe the doorstop as "chipped in a few spots," in "disrepair," or "very frayed."  (Doc. 22-2 at 3; Doc. 33 at 3).  Absent from the record are any photographs of the doorstop.  Plaintiff has not offered any testimony or other evidence to show that the doorstop's "chipped" or "frayed" condition made it more likely to dislodge from the door.  Plaintiff has not offered any evidence that the doorstop had previously failed or caused injuries.  There is no deposition testimony describing any defect with the doorstop.

Courts applying Alabama law have granted summary judgment where the only evidence of a defect consisted of subjective suppositions.  In *Fowler v. CEC Entm't*, the plaintiff claimed her fall while exiting a restaurant was caused by a "dent" in the stairs.  921 So. 2d 428 (Ala. Civ. App. 2005).  The plaintiff testified the dent initially appeared to be smooth, and she only noticed the dent after her fall.  The plaintiff's testimony was the only evidence of a defect on the premises, which the Alabama Court of Civil Appeals found did not constitute substantial evidence.  *Id.* at 433-34.  Accordingly, the appellate court affirmed the trial court's grant of summary judgment.  *Id.*

In *Belflowers v. Wal-Mart Stores E., L.P.*, the plaintiff fell when her foot became caught under a display shelf.  No. 08-0250, 2008 WL 4767527 (M.D. Ala. Oct. 30, 2008).  After her fall, the plaintiff saw a dented piece of metal under the

shelf and she speculated that it caused her fall. The plaintiff's husband submitted an affidavit stating that following the fall he saw a piece of metal under the shelf that caught the plaintiff's shoe. The court granted summary judgment, concluding the plaintiff failed to establish that the shelf constituted a defect. *Id.* at *4-*5.

In *Gunter v. Publix Super Markets, Inc.*, the plaintiff fell after she slipped on a wet bathroom floor. No. 16-0257, 2017 WL 2957942 (M.D. Ala. July 11, 2017). In opposition to the defendant's motion for summary judgment, the plaintiff offered the deposition testimony of a witness who assisted her after the fall. The witness theorized the water on which the plaintiff slipped was caused by a defective wax seal between the commode and sewer line. However, further questioning revealed the witness did not know the source of the water. *Id.* at *2. Under these circumstances, the court found the plaintiff failed to produce substantial evidence that the water on the floor was caused by a defect on the premises. *Id.* at *2-*3. Accordingly, the court granted summary judgment in favor of the defendant, finding the plaintiff had not met her burden of showing the defendant had actual or constructive notice of the wet floor. *Id.*

While none of the foregoing cases line up precisely with the facts of the instant case, they nonetheless demonstrate that a premises liability plaintiff attempting to show a defendant's constructive notice must make a *prima facie* showing—via substantial evidence—that the premises was somehow defective.

9

The cases further show that entirely subjective, imprecise, or conclusory testimony is insufficient to make a *prima facie* showing of a defect. Here, Ms. Vickery's description of the doorstop as "chipped in a few spots" or "very frayed" do not constitute the substantial evidence required to carry the plaintiff's burden. Accordingly, Plaintiff's claim for negligence fails because she has not made a *prima facie* showing of a defective condition.

Because Plaintiff has not demonstrated the doorstop was defective, she cannot impose constructive notice on Sears under *Mims* and its progeny. *See Gunter*, 2017 WL 2957942 at *2-*3. Moreover, Plaintiff cannot show Sears had actual notice of a defective doorstop. Here, the undisputed facts establish Sears did not place the doorstop in Plaintiff's path and had no notice that it had become dislodged. The parties agree Steven placed the doorstop under the interior door to prop it open. There is no evidence Steven touched the door or otherwise caused the doorstop to become dislodged from the door. Rather, the undisputed facts show the doorstop only became dislodged after Ms. Vickery passed through the door, immediately prior to Plaintiff's fall. It is undisputed that Steven did not look back towards the doorway prior to Plaintiff's fall. There is no evidence that any other Sears employee was actually aware of the doorstop's presence in the walkway. Likewise, there is no evidence that the doorstop was in the walkway for sufficient time to impute constructive notice to Sears. *See Hampton v. Bruno's*,

646 So. 2d 597, 601 (Ala. 1999); *Ex parte Wal-Mart, Inc.*, 806 So. 2d 1246, 1249 (Ala. 2001) (reversing entry of verdict for plaintiff and finding defendant was entitled to judgment as a matter of law where plaintiff "did not present substantial evidence indicating the substance on which she slipped had been on the floor of the store a sufficient length of time to impute constructive notice to" the defendant); *Winn Dixie v. Brown*, 394 So. 2d. 49, 50-51 (Ala. Civ. App. 1981) (reversing entry of verdict for plaintiff where plaintiff offered no evidence of defendant's actual notice of vegetable trimmings on the floor and no evidence from which to impute constructive notice).

Based on the foregoing discussion, Plaintiff has failed to carry her burden to show: (1) the doorstop which caused her fall was a defect on Sears' premises; and (2) Sears had actual or constructive notice that the doorstop was in any way defective.

## IV. CONCLUSION

For all of the foregoing reasons, there are no genuine issues of material fact and Sears is entitled to judgment as a matter of law on Plaintiff's claim for negligence. Accordingly, Plaintiff having conceded her claim for wantonness, Sears' motion for summary judgment is due to be granted it its entirety, and Plaintiff's claims are due to be dismissed with prejudice. (Doc. 20).

A separate order will be entered.

**DONE** this 1st day of June, 2018.

                                                       */s/ Staci G. Cornelius*
                                                       STACI G. CORNELIUS
                                                       U.S. MAGISTRATE JUDGE